IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL DEAN HAMILTON, et al. ) | |
| ) | |
| Plaintiff, ) | Case No.: 4:10-CV-00712 |
| ) | |
| v. ) | Jury Trial Demanded |
| ) | |
| CITY OF OVERLAND, et al., ) | |
| ) | |
| Defendants. ) | |

**<u>DEFENDANT CITY OF OVERLAND'S ANSWER TO PLAINTIFFS' COMPLAINT</u>**

Defendant City of Overland states the following for its answer to plaintiffs' complaint.

<u>GENERAL ALLEGATIONS</u>

1. Defendant admits that this Court has personal jurisdiction over defendant City of Overland. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 1.

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2.

3. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3.

4. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4.

5. Defendant admits the allegations contained in paragraph 5, except that defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation that plaintiffs bring this action on behalf of all persons entitled to recover under the wrongful death statute.

6. Defendant admits that plaintiffs bring this action for damages under 42 USC §1983, that plaintiffs seek attorney fees and costs pursuant to 42 USC §1988, and that plaintiffs invoke the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution. Defendant denies the remaining allegations contained in paragraph 6.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7.

8. Defendant admits the allegations contained in paragraph 8.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10.

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11.

12. Defendant admits that it operates and maintains a police force known as the Overland Police Department. Defendant denies the remaining allegations contained in paragraph 12.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15.

16. Defendant admits the allegations contained in paragraph 16.

17. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17.

18. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19.

20. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20.

21. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21.

22. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22.

23. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23.

24. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24.

25. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25.

26. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26.

27. Defendant denies the allegations contained in paragraph 27 and all sub-paragraphs thereof.

28. Defendant denies the allegations contained in paragraph 28 and all sub-paragraphs thereof.

## COUNT I

29-36. The allegations and the claim for relief contained in Count I, paragraphs 29 – 36, pertain to co-defendant Ringeisen and not to defendant City of Overland and therefore defendant City of Overland makes no response to the allegations contained in Count I except that to the extent the allegations in paragraphs 29-36 may be incorporated by plaintiffs in any claim against defendant City of Overland, defendant denies those allegations.

## COUNT II

37-40. The allegations and the claim for relief contained in Count II, paragraphs 37 – 40, pertain to co-defendant Ringeisen and not to defendant City of Overland and therefore defendant City of Overland makes no response to the allegations contained in Count II except that to the extent the allegations in paragraphs 37-40 may be incorporated by plaintiffs in any claim against defendant City of Overland, defendant denies those allegations.

## COUNT III

41-46. The allegations and the claim for relief contained in Count III, paragraphs 41 – 46, pertain to co-defendants Doe I and Doe II and not to defendant City of Overland and therefore defendant City of Overland makes no response to the allegations in paragraphs 41-46 except that to the extent those allegations may be incorporated by plaintiffs in any claim against defendant City of Overland, defendant denies those allegations.

## COUNT IV

47-50. The allegations and the claim for relief contained in Count IV, paragraphs 47 – 50, pertain to co-defendants Doe I and Doe II and not to defendant City of Overland and

therefore defendant City of Overland makes no response to the allegations in paragraphs 47-50 except that to the extent those allegations may be incorporated by plaintiffs in any claim against defendant City of Overland, defendant denies those allegations.

## COUNT V

51. In paragraph 51, plaintiffs incorporate by reference the allegations of Count I. Defendant City of Overland realleges and incorporates by reference its answers to paragraphs 1 – 28 and its answers to paragraphs 29 – 36 of Count I.

52. Defendant admits that it operates and maintains a police force known as the Overland Police Department and that on or about March 20, 2010, co-defendants Ringeisen, Doe I, and Doe II were police officers employed by defendant City of Overland. Defendant denies the remaining allegations contained in paragraph 52.

53. Defendant admits that police officers employed by defendant City of Overland received training regarding law enforcement. Defendant denies the remaining allegations contained in paragraph 53.

54. Defendant admits that police officers employed by defendant City of Overland received training regarding law enforcement. Defendant denies the remaining allegations contained in paragraph 54.

55. Defendant denies the allegations contained in paragraph 55.

56. Defendant denies the allegations contained in paragraph 56.

57. Defendant denies the allegations contained in paragraph 57.

58. Defendant denies the allegations contained in paragraph 58.

59. Defendant denies the allegations contained in paragraph 59.

## DEFENSES

1. Plaintiffs fail to state a claim upon which relief can be granted against defendant City of Overland.

2. The operation and maintenance of a police force is a governmental function of defendant City of Overland and therefore plaintiffs' claim under Missouri law is barred by the doctrine of sovereign immunity.

3. Plaintiffs' claim under Missouri law is barred by the public duty doctrine.

4. Whatever injuries or damages plaintiffs may have sustained by reason of the matters alleged in plaintiffs' complaint were a direct and proximate result of decedent Kenneth Hamilton's own carelessness, negligence, and/or comparative fault directly contributing thereto and therefore a percentage of fault must be assessed to each plaintiff by reason of decedent Kenneth Hamilton's own carelessness, negligence, and/or comparative fault.

5. Pleading hypothetically, defendant City of Overland states that whatever injuries or damages plaintiffs may have sustained by reason of the matters alleged in their complaint were a direct and proximate result of each plaintiff's own carelessness, negligence, and/or comparative fault directly contributing thereto, and therefore a percentage of fault must be assessed to each plaintiff.

6. If plaintiffs sustained damages as alleged in plaintiffs' complaint, then each plaintiff through his own acts and/or omissions has failed to mitigate any such damages and a percentage of fault must be assessed to each plaintiff.

7. Defendant City of Overland is a municipality, and as such, defendant is immune from a claim for punitive damages in an action brought under Missouri law because such a claim

is barred by the common law of the State of Missouri and by reason of Mo.Rev.Stat. §537.610.3 and in an action brought pursuant to 42 USC §1983.

WHEREFORE, having fully answered Count V of plaintiffs' complaint, defendant City of Overland prays this Court enter its order dismissing Count V as to this defendant with prejudice, award defendant its costs and reasonable attorney fees, and grant defendant such further relief as this Court deems proper.

## COUNT VI

60. In paragraph 60, plaintiffs incorporate by reference the allegations contained in Count V. Defendant realleges and incorporates by reference its answers to the allegations contained in Count V, paragraphs 51 – 59.

61. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61.

62. Defendant denies the allegations contained in paragraph 62 and all sub-paragraphs thereof.

63. Defendant denies the allegations contained in paragraph 63.

64. Defendant denies the allegations contained in paragraph 64 and all sub-paragraphs thereof.

65. Defendant denies the allegations contained in paragraph 65.

66. Defendant denies the allegations contained in paragraph 66.

## DEFENSES

1. Defendant realleges and incorporates by reference paragraphs 1 – 7 of the defenses set forth in response to Count V.

WHEREFORE, having fully answered Count VI of plaintiffs' complaint, defendant City of Overland prays this Court enter its order dismissing Count VI as to this defendant with prejudice, award defendant its costs and reasonable attorneys fees and grant defendants such further relief as this Court deems proper.

## COUNT VIII [sic]

67. In paragraph 67, plaintiffs incorporate by reference paragraphs 1 – 28 of the complaint. Defendant realleges and incorporates by reference its answers to the foregoing paragraphs.

68. Defendant admits that it maintains and operates a police force known as the Overland Police Department and that defendant is responsible for personnel decisions such as hiring and firing defendant's employees. Defendant denies all other allegations contained in paragraph 68.

69. Defendant denies the allegations contained in paragraph 69.

70. Defendant denies the allegations contained in paragraph 70.

71. Defendant denies the allegations contained in paragraph 71.

72. Defendant denies the allegations contained in paragraph 72.

73. Defendant denies the allegations contained in paragraph 73.

74. Defendant denies the allegations contained in paragraph 74.

75. Defendant denies the allegations contained in paragraph 75.

76. Defendant denies the allegations contained in paragraph 76.

77. Defendant denies the allegations contained in paragraph 77.

## DEFENSES

1. Defendant realleges and incorporates by reference paragraphs 1 – 7 of the defenses set forth in response to Count V.

2. Personnel decisions in internal administration of operating municipal departments involve defendant City of Overland's governmental function for which defendant has sovereign immunity from plaintiffs' claim under Missouri law.

WHEREFORE, having fully answered Count VIII of plaintiffs' complaint, defendant City of Overland prays this Court enter its order dismissing Count VIII as to this defendant with prejudice, award defendant its costs and reasonable attorneys fees and grant defendants such further relief as this Court deems proper.

## COUNT VII [sic]

78. In paragraph 78, plaintiffs incorporate by reference all allegations in Counts I and III.  Defendant realleges and incorporates by reference its answers to all paragraphs in Counts I and III of the complaint.

79. Defendant denies the allegations contained in paragraph 79.

80. Defendant denies the allegations contained in paragraph 80.

81. Defendant denies the allegations contained in paragraph 81.

82. Defendant denies the allegations contained in paragraph 82.

83. Defendant denies the allegations contained in paragraph 83.

84. Defendant denies the allegations contained in paragraph 84.

85. Defendant denies the allegations contained in paragraph 85.

86. Defendant denies the allegations contained in paragraph 86.

DEFENSES

1. Defendant realleges and incorporates by reference paragraphs 1 and 2 of the defenses set forth in response to Count V.

WHEREFORE, having fully answered Count VII of plaintiffs' complaint, defendant City of Overland prays this Court enter its order dismissing Count VII as to this defendant with prejudice, award defendant its costs and reasonable attorneys fees and grant defendants such further relief as this Court deems proper.

    Respectfully submitted,

    KING, KREHBIEL, HELLMICH, HACKING
    & BORBONUS, LLC


By:   */s/ Robert J. Krehbiel*
    ROBERT J. KREHBIEL #3614
    2000 S. Hanley Road
    St. Louis, MO  63144-1524
    Phone:   (314) 646-1110
    Fax:   (314) 646-1122
    E-mail:   rkrehbiel@kkhhb.com
    *Attorneys for Defendant City of Overland*


**CERTIFICATE OF SERVICE**

The undersigned does hereby state that the foregoing was served via First Class U.S. Mail, postage prepaid, on this 26th day of April, 2010 upon:

| | |
|---|---|
| Scott L. Kolker | Jerome L. Lefton Law Office |
| Thomas P. Germeroth | Daniel L. Lefton |
| Kolker & Germeroth, LLC | 1015 Locust Street, #808 |
| 7730 Carondelet, Suite 310 | St. Louis, MO  63101 |
| Clayton, MO  63105 | *Attorneys for Plaintiffs* |
| *Attorneys for Plaintiffs* | |

    */s/ Robert J. Krehbiel*