**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

MICHAEL DEAN HAMILTON, JOSEPH
RAYMOND HAMILTON, and ANTHONY
HAMILTON, and MICHAEL DEAN
HAMILTON, Executor of the Estate and
Personal Representative of  KENNETH
HAMITLON

    Plaintiffs,

v.

CITY OF OVERLAND, MISSOURI,


And


ANDREW THOMAS RINGEISEN


And


MICHAEL OAKES
    Serve: Hold Service

And


JOSEPH STEVENS,
    Serve: Hold Service


    Defendants.

Cause No.:  4:10-CV-00712

## FIRST AMENDED COMPLAINT

    COME NOW Plaintiffs Michael Hamilton, Joseph Hamilton, Anthony Hamilton,

and Patricia Weaver, by and through counsel, and for their First Amended Complaint

against Defendants state as follows:

{483561 / 100027}

## General Allegations

1.      This court has personal jurisdiction over Defendants, as Defendants are residents and citizens of political subdivisions of the State of Missouri.

2.      Plaintiffs Michael Hamilton, Joseph Hamilton, Anthony Hamilton, and Patricia Weaver are the surviving siblings of Kenneth Hamilton ("Decedent").

3.      Plaintiffs' decedent has no surviving parents or children.

5.      Plaintiffs bring this action on behalf of all entitled to recover under Mo. Rev.Stat. §537.080, et. seq., which is commonly referred to as The Missouri Wrongful Death Statute.

5.      This action is also brought for damages under 42 U.S.C. §1983 and for equitable relief under 28 U.S.C. §§2201 and 2202 in regards to violations by Defendants of rights secured by Plaintiffs by the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution.  Attorney's fees and costs are sought pursuant to 42 U.S.C §1988.

6.      Plaintiff Michael Hamilton has been appointed as the Administrator and Personal Representative of the Estate of Kenneth Hamilton by the Probate Court, St. Louis County, Missouri, and brings this action on behalf of Kenneth Hamilton for all available claims and remedies available to him before his death.

7.      Defendant City of Overland is a municipality incorporated under the laws of the State of Missouri.

8.      At all times pertinent herein, defendant Andrew Ringeisen was a duly appointed and acting officer of the City of Overland Police Department, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of Missouri and/or City of Overland.

9.     At all times pertinent herein, defendant Michael Oakes was a duly appointed and acting officer of the City of Overland Police Department, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of Missouri and/or City of Overland

10.    At all times pertinent herein, defendant Joseph Stevens was a duly appointed and acting officer of the City of Overland Police Department, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of Missouri and/or City of Overland

11.    At all times pertinent herein, defendant City of Overland acted by and through its policymakers and agents and acted under color of law in all respects herein.

12.    At all times pertinent herein, defendant City of Overland operated, supervised, controlled, and managed the City Overland Police Department, defendant Ringeisen, defendant Oakes, and defendant Stevens.

13.     Defendant Ringeisen is sued in both his official and individual capacity for damages.

14.     Defendant Oakes is sued in both his official and individual capacity for damages.

15.     Defendant Stevens is sued in both his official and individual capacity for damages.

16.    The incident giving rise to this action occurred within St. Louis County Missouri.

17.    On or about March 20, 2010, Kenneth Hamilton was at his residence located at 2612 West Milton Ave., Apartment A, Overland, Missouri 63114.

18.    On that date, defendants Ringeisen and Oakes responded to a call concerning an alleged "road rage" incident at which time the complainant provided the address and

description of the other vehicle involved in the incident.  At that time the complainant advised that he did not wish to file any formal complaint against the other driver but only wished to advise the police of the incident.

19.     Defendant Ringeisen and Oakes responded to the address of 2612 West Milton Ave., Apartment A, Overland, Missouri 63114, which belonged to decedent.  Ringeisen and Oakes knocked on the front door and after receiving no response, proceeded to the rear of the residence and observed decedent's vehicle which was equipped with emergency lights.

20.     Defendants Ringeisen and Oakes then obtained a computer check of the license plate which showed that the vehicle belonged to Plaintiffs' decedent.

21.     Defendant Stevens was at the station when the request for the license check was received and overheard the identity of the decedent and proceeded to the residence to assist defendants Ringeisen and Oakes.

22.     After defendants Ringeisen and Oakes obtained the computer check, they started to leave the premises when decedent opened the rear door while remaining in the doorway and defendants Ringeisen and Oakes advised of the road rage complaint and an argument ensued between the officers and decedent.

23.     Defendant Stevens arrived and observed the verbal exchange between decedent and defendants Ringeisen and Oakes, which continued to escalate.

24.     During the verbal exchange, decedent remained within his doorway and never approached or threatened defendants Ringeisen, Oakes, or Stevens.

25.     During the verbal exchange, defendant Ringeisen excessively, and without provocation or cause, struck, punched, and/or pushed decedent backwards causing him to

fall down a flight of stairs within the residence causing serious and substantial injuries including a massive head injury, which required immediate medical care and treatment.

26.    The open stair well was immediately behind the rear entrance doorway and readily visible to defendants Ringeisen, Oakes, and Stevens.

27.    Thereafter, defendants Ringeisen, Oakes, and Stevens, observed and heard decedent fall down the steps.

28.    Thereafter, defendant Oakes advised defendant Ringeisen to enter the premises to arrest decedent, while knowing full well that decedent had done nothing to provoke the assault nor given any cause to be taken into custody.

29.    Thereafter, defendant Ringeisen ignored this request and Ringeisen, Oakes, and Stevens failed enter the premises to investigate decedent's medical status or ascertain his need for medical assistance or provide any medical assistance or take any action whatsoever to assist decedent.  Defendants instead returned to their respective patrol cars and fled the scene in reckless disregard to the knowledge that decedent had sustained serious and life threatening injuries.

30.    Thereafter, decedent's brother, Joseph Hamilton, who was awakened by decedent falling down the steps, investigated and found decent lying at the bottom of the stairs unconscious.  Joseph Hamilton then called for emergency services.

31.    Defendants Ringeisen, Oakes, and Stevens received a dispatch regarding an unresponsive person at decedent's residence after fleeing the scene and they each responded to the dispatch and returned to the residence.  However, at no time did any of these defendants advise anyone as to actual events that caused decedent to fall down the steps.

32.     Upon arrival, defendant Oakes and Ringeisen went to the front door and observed that decedent's residence was equipped with a video surveillance system that had cameras in both the front and rear of the residence.

33.     Defendants Ringeisen and Oakes entered the premises and defendant Ringeisen inquired whether the surveillance system recorded and Joseph Hamilton showed Ringeisen the television monitor and the VCR and defendant Ringeisen had Joseph Hamilton remove the video tape and Ringeisen confiscated the tape and left the premises and retuned to the station.

34.     Defendant Oakes proceeded downstairs and for the first time ascertained the medical status of decedent and shortly thereafter, medical emergency personnel arrived and defendant Oakes left the scene and returned to the station.

35.     Defendant Stevens never entered the premises but returned to the station shortly after he had arrived.

36.     Upon his return to the police station, defendant Oakes prepared an Offense/Incident Report, Complaint No. 10-03263, detailing the initial response to decedent's residence which cited a charge of "Road Rage/Aggressive Driving" even though decedent was never cited for this offense.  Defendant Oakes falsified the police report by omitting any reference to the attack by defendant Ringeisen or the events that caused decedent to fall down the stairs.

37.     Upon his return to the police station, defendant Ringeisen prepared an Offense/Incident Report, Complaint No. 10-03264, detailing his response the injury dispatch.  Defendant Ringeisen falsified this police report by omitting the fact that he had confiscated the surveillance video tape from the premises.  Defendant Ringeisen further

reported that he checked the premises and found "no signs of forced entry which would indicate someone breaking in and assaulting K. Hamilton.  A check of the outside of the residence also revealed nothing that would indicate an altercation of any kind," while knowing full well his altercation caused decedent to fall.   And while Ringeisen referenced that he had been at the premises previously that evening he made no reference to his assault of decedent.

38.     After they returned to the police station, they advised their shift supervisor, Overland Police Officer Sergeant Kevin Goedde, of the incident wherein they had informed him that they had previously confronted Hamilton and that during the incident Kenneth Hamilton had fallen down the steps.  Sergeant Goedde reviewed the officers' Offense/Incident Reports and the only revision he requested was for defendant Ringeisen to add to the report that he had found no signs of forced entry.

39.     Upon his return to the police station, defendant Ringeisen failed to properly log the confiscated video tape into evidence.  The video tape was later discovered in the desk of an Overland Police Officer Sergeant Kevin Goedde and did not show any images notwithstanding the fact that the video recording equipment at the residence was in fully operational condition and recording at the time the video tape was removed and turned over to defendant Ringeisen.

40.     At no time during the events as described herein, was Kenneth Hamilton armed with any weapon, or a threat to the safety of himself or others.  He had not committed any criminal offenses.

41.     Defendants Ringeisen, Oakes and Stevens had no warrant for the arrest of Kenneth Hamilton and no legal cause or excuse to seize the person of Kenneth Hamilton.

42.     At all times during the events setforth above, the defendant police officers were engaged in a joint venture.  The individual officers assisted each other in performing the various actions described and lent their physical presence and support and authority of their office to each other during the said events.

43.     As a result of these aforementioned injuries, decedent Kenneth Hampton died on or about March 25, 2010.

44.     As a direct and proximate result of the acts and conduct of defendants Ringeisen, Oakes, and Stevens, decedent Kenneth Hamilton suffered the following injuries and damages:

        a.     Violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of his person;

        b.     Loss of his life;

        c.     Physical pain and suffering and emotional trauma and suffering, requiring the expenditure of money for treatment.

45.     The actions of defendants Ringeisen, Oakes, Stevens violated the following clearly established and well settled federal constitutional rights of Kenneth Hamilton:

        a.     Freedom from the unreasonable seizure of his person;

        b.     Freedom from the use of excessive, unreasonable and unjustified force against his person.

### COUNT I – Wrongful Death Claim Against Defendant Ringeisen

46.     Plaintiffs' hereby incorporate paragraphs 1-45 as if fully set forth herein.

47.     Plaintiffs bring this count on behalf of Kenneth Hamilton, Plaintiffs' decedent, as well as all persons entitled to recover under Mo. Rev. Stat. §537.080 et. seq., which is commonly known as Missouri "Wrongful Death Statute."

48.      Defendant Ringeisen owed Plaintiffs' decedent a duty:

      a.     To use reasonable forces when interrogating and investigating Plaintiffs' decedent;

      b.     To not be deliberately indifferent to Plaintiffs' decedent's safety and health needs;

      c.     To monitor Plaintiffs' decedent's health while in Defendant's custody;

      d.     To not cause Plaintiffs' decedent to die; and

      e.     To be aware of Plaintiffs' decedent's individualized medical needs;

      f.     To provide medical assistance and care to Plaintiffs' decedent.

      g.     To contact emergency medical personnel to provide medical care and treatment to Plaintiffs' decedent.

49.     Defendant Ringeisen breached the aforementioned duties as a result of the conduct as set forth herein, and therefore was negligent.

50.     Defendant Ringeisen was negligent in one or more of the following respects:

      a.     Failing to use reasonable forces when interrogating and investigating Plaintiffs' decedent;

      b.     Acting with deliberate indifference to Plaintiffs' decedent's safety and health needs;

      c.     Using excessive force while investigating and interrogating Plaintiffs' decedent;

      d.      Failing to be aware of Plaintiffs' decedent's individualized medical needs;

      e.      Failing to provide medical assistance or contact emergency medical personnel to provide care and treatment to Plaintiffs' decedent.

      f.      Causing Plaintiff's decedent to die.

51.    As a direct and approximate result of defendant Ringeisen multiple negligent and intentional acts, Plaintiffs' decedent died, and Plaintiffs have forever lost and been deprived of the services, companionship, comfort, instruction, guidance, counsel, training, and support of the decedent; and Plaintiffs' have further suffered other pecuniary losses by reason of decedent's wrongful death, including funeral expenses.

52.    In addition, Plaintiffs' seek recovery for such damages that decedent suffered before his death and for which he would have been entitled to recover had he lived.

53.    Defendant Ringeisen, knew or had reason to know that there was a high degree of probability that his conduct would result in severe injury to Plaintiff's decedent, and the conduct of defendant Ringeisen was willful, wanton, and recklessly indifferent to the rights, safety and well-being of Kenneth Hamilton, and warrants an award of damages for aggravating circumstances in order to punish defendant Ringeisen, and to deter him and others from like conduct in the future.

      WHEREFORE, Plaintiffs pray judgment against defendant Ringeisen for damages sustained by Kenneth Hamilton, and for damages sustained by themselves and others setforth in Mo. Rev. Stat. §537.040., for damages for aggravating circumstances, for attorneys' fees and their costs herein expended, and for such other and further relief as deemed just and proper.

## COUNT II – 42 USC 1983 Claim Against
## Defendant Ringeisen

54.     Plaintiffs incorporate all allegations and averments of Count I, as if setforth fully herein.

55.     Defendant Ringeisen's actions caused violations of Kenneth Hamilton's constitutional rights in violation of the Civil Rights Act 42 U.S.C.§1983 et. seq.

56.     As a direct and approximate result of defendant Ringeisen's actions, Kenneth Hamilton died.

57.     Plaintiffs have forever lost and been deprived of the services, companionship, comfort, instruction, guidance, counsel, training, and support of the decedent; and Plaintiffs have further suffered other pecuniary losses by reason of decedent's wrongful death, including funeral expenses, and Plaintiffs seek all such recovery for all such injuries and damages under 42 U.S.C. Sec. 1983, including reasonable attorney's fees and expert witness fees pursuant to §1988.

58.     In addition, Plaintiffs seek recovery for such damages that decedent suffered before his death and for which he would have been entitled to recover had he lived.

59.     The actions of defendant Ringeisen were recklessly indifferent to the rights of Kenneth Hamilton.  Defendant Ringeisen inflicted fatal injuries and then fled the scene leaving Kenneth Hamilton to die.  He did not administer medical assistance, call for medical assistance, or even check on Hamilton's medical condition.  Such conduct warrants an award of punitive damages to punish defendant Ringeisen and deter him and others from acting in like manner in the future.

        WHEREFORE, Plaintiffs pray for judgment against defendant Ringeisen for

actual and compensatory damages in an amount to be determined by a jury as fair and reasonable; for punitive damages, and for reasonable attorney's fees pursuant to 42 U.S.C.§1988 as well as costs and such other relief as deemed just and proper.

## COUNT III – Wrongful Death Claim Against Defendant Oakes

60.     Plaintiffs' hereby incorporate paragraphs 1-45 as if fully set forth herein.

61.      Defendant Oakes owed Plaintiffs' decedent a duty:

a.      To not be deliberately indifferent to Plaintiffs' decedent's safety and health needs;

b.      To be aware of Plaintiffs' decedent's individualized medical needs;

c.      To provide medical assistance and care to Plaintiffs' decedent.

d.      To contact emergency medical personnel to provide medical care and treatment to Plaintiffs' decedent.

e.      To intervene on behalf of Plaintiffs' decedent to stop the violation of his constitutional rights.

62.     Defendant Oakes breached the aforementioned duties for the conduct as set forth herein, and therefore were negligent.

63.     Defendant Oakes was negligent in one or more of the following respects:

a.      Acting with deliberate indifference to Plaintiffs' decedent's safety and health needs;

b.      Failing to be aware of Plaintiffs' decedent's individualized medical needs;

c.      Failing to provide medical assistance or contact emergency medical personnel to provide care and treatment to Plaintiffs' decedent.

d.      Failing to intervene on behalf of Plaintiffs' decedent to prevent the violations of his constitutional rights.

64.     As a direct and approximate result of defendant Oakes' multiple negligent acts, Plaintiffs' decedent died, and Plaintiffs have forever lost and been deprived of the services, companionship, comfort, instruction, guidance, counsel, training, and support of the decedent; and Plaintiffs have further suffered other pecuniary losses by reason of decedent's wrongful death, including funeral expenses.

65.     In addition, Plaintiffs seek recovery for such damages that decedent suffered before his death and for which he would have been entitled to recover had he lived.

66.     Defendant Oakes, knew or had reason to know that there was a high degree of probability that his conduct would result in severe injury to Plaintiff's decedent, and the conduct of defendant Oakes was willful, wanton, and recklessly indifferent to the rights, safety and well-being of Kenneth Hamilton, and warrants an award of damages for aggravating circumstances in order to punish defendant Oakes, and to deter him and others from like conduct in the future.

WHEREFORE, Plaintiffs pray judgment against defendant Oakes for damages sustained by Kenneth Hamilton, and for damages sustained by themselves and others setforth in Mo. Rev. Stat. §537.040., for damages for aggravating circumstances, for attorneys' fees and their costs herein expended, and for such other and further relief as deemed just and proper.

### COUNT IV – 42 USC 1983 Claim Against Defendant Oakes

67.    Plaintiffs incorporate all allegations and averments of Count III, as if set forth fully herein.

68.    Defendant Oakes' actions caused violations of Kenneth Hamilton's constitutional rights in violation of the Civil Rights Act 42 U.S.C.§1983 et. seq.

69.    As a direct and approximate result of defendant Oakes' actions, Kenneth Hamilton died.

70.    Plaintiffs have forever lost and been deprived of the services, companionship, comfort, instruction, guidance, counsel, training, and support of the decedent; and Plaintiffs have further suffered other pecuniary losses by reason of decedent's wrongful death, including funeral expenses, and Plaintiffs seek all such recovery for all such injuries and damages under 42 U.S.C. Sec. 1983, including reasonable attorney's fees and expert witness fees pursuant to §1988.

71.    In addition, Plaintiffs seek recovery for such damages that decedent suffered before his death and for which he would have been entitled to recover had he lived.

72.    The actions of defendant Oakes were recklessly indifferent to the rights of Kenneth Hamilton.  Defendant Oakes failed to intervene on behalf of Kenneth Hamilton permitting defendant Ringeisen to inflict fatal injuries.  He did not administer medical assistance, call for medical assistance, or even check on Hamilton's medical condition but instead fled the scene.  Such conduct warrants an award of punitive damages to punish defendant Oakes and deter him and others from acting in like manner in the future.

WHEREFORE, Plaintiffs pray for judgment against defendant Oakes for actual and compensatory damages in an amount to be determined by a jury as fair and

reasonable; for punitive damages, and for reasonable attorney's fees pursuant to 42 U.S.C.§1988 as well as costs and such other relief as deemed just and proper.

### **COUNT V– Wrongful Death Claim Against Defendant Stevens**

73.     Plaintiffs' hereby incorporate paragraphs 1-45 as if fully set forth herein.

74.      Defendant Stevens owed Plaintiffs' decedent a duty:

      a.     To not be deliberately indifferent to Plaintiffs' decedent's safety and health needs;

      b.     To be aware of Plaintiffs' decedent's individualized medical needs;

      c.     To provide medical assistance and care to Plaintiffs' decedent.

      d.     To contact emergency medical personnel to provide medical care and treatment to Plaintiffs' decedent.

      e.     To intervene on behalf of Plaintiffs' decedent to stop the violation of his constitutional rights.

75.     Defendant Stevens breached the aforementioned duties for the conduct as set forth herein, and therefore were negligent.

76.     Defendant Stevens was negligent in one or more of the following respects:

      a.     Acting with deliberate indifference to Plaintiffs' decedent's safety and health needs;

      b.     Failing to be aware of Plaintiffs' decedent's individualized medical needs;

      c.     Failing to provide medical assistance or contact emergency medical personnel to provide care and treatment to Plaintiffs' decedent.

d.      Failing to intervene on behalf of Plaintiffs' decedent to prevent the violations of his constitutional rights.

77.      As a direct and approximate result of defendant Stevens' multiple negligent acts, Plaintiffs' decedent died, and Plaintiffs have forever lost and been deprived of the services, companionship, comfort, instruction, guidance, counsel, training, and support of the decedent; and Plaintiffs have further suffered other pecuniary losses by reason of decedent's wrongful death, including funeral expenses.

78.      In addition, Plaintiffs seek recovery for such damages that decedent suffered before his death and for which he would have been entitled to recover had he lived.

79.      Defendant Stevens, knew or had reason to know that there was a high degree of probability that his conduct would result in severe injury to Plaintiff's decedent, and the conduct of defendant Stevens was willful, wanton, and recklessly indifferent to the rights, safety and well-being of Kenneth Hamilton, and warrants an award of damages for aggravating circumstances in order to punish defendant Stevens, and to deter him and others from like conduct in the future.

WHEREFORE, Plaintiffs pray judgment against defendant Stevens for damages sustained by Kenneth Hamilton, and for damages sustained by themselves and others setforth in Mo. Rev. Stat. §537.040., for damages for aggravating circumstances, for attorneys' fees and their costs herein expended, and for such other and further relief as deemed just and proper.

## COUNT VI – 42 USC 1983 -Claim Against Defendant Stevens

80.     Plaintiffs incorporate all allegations and averments of Count V, as if set forth fully herein.

81.     Defendant   Stevens'   actions   caused   violations   of   Kenneth   Hamilton's constitutional rights in violation of the Civil Rights Act 42 U.S.C.§1983 et. seq.

82.     As  a  direct  and  approximate  result  of  defendant  Stevens'  actions,  Kenneth Hamilton died.

83.     Plaintiffs  have  forever  lost  and  been  deprived  of  the  services,  companionship, comfort,  instruction,  guidance,  counsel,  training,  and  support  of  the  decedent;  and Plaintiffs have further suffered other pecuniary losses by reason of decedent's wrongful death,  including  funeral  expenses,  and  Plaintiffs  seek  all  such  recovery  for  all  such injuries and damages under 42 U.S.C. Sec. 1983, including reasonable attorney's fees and expert witness fees pursuant to §1988.

84.     In addition, Plaintiffs seek recovery for such damages that decedent suffered before his death and for which he would have been entitled to recover had he lived.

85.     The actions of defendant Stevens were recklessly indifferent to the rights

of Kenneth Hamilton.  Defendant Stevens failed to intervene on behalf of Kenneth Hamilton permitting  defendant  Ringeisen  to  inflict  fatal  injuries.   He  did  not  administer  medical assistance, call for medical assistance, or even check on Hamilton's medical condition but instead fled the scene.  Such conduct warrants an award of punitive damages to punish defendant Stevens and deter him and others from acting in like manner in the future.

        WHEREFORE, Plaintiffs pray for judgment against defendant Stevens for actual and  compensatory  damages  in  an  amount  to  be  determined  by  a  jury  as  fair  and

reasonable; for punitive damages, and for reasonable attorney's fees pursuant to 42 U.S.C.§1988 as well as costs and such other relief as deemed just and proper.

## COUNT VII – 42 USC 1983 Claim Against City of Overland

86.      Plaintiffs incorporate by reference all allegations and averments of Count I through VI, as if fully setforth herein

87.      Defendant City of Overland owed Plaintiffs' decedent a duty to prevent injuries to his rights, safety, and/or well being.  Defendant City of Overland, by and through the Overland Police Department purports to provide training to its employees in relation to the investigation, apprehension, rights, safety, and well being of suspects.

88.      Prior to March 20, 2010, the City of Overland developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in the City of Overland, which caused the violation of Plaintiff's decedent's rights, including the unlawful use of force, failing to intervene in the excessive use of force of its officers, and failing to provide medical assistance to victims of excessive force.

89.      It was the policy and/or custom of the City of Overland to inadequately screen, train, supervise, discipline, and control  and train its police officers, including the defendant officers, thereby failing to adequately discourage further constitutional violations on the part of its' police officers. The City of Overland did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct.

90.  The above described policy and customs demonstrated a deliberate indifference on the part of policy makers of the City of Overland to the constitutional rights of persons

within the City of Overland, and were the cause of the violations of Plaintiff's decedents rights alleged herein and the cause of his death.

91.     The actions and omissions of the City of Overland were in reckless disregard and/or deliberate indifference to the rights of Plaintiffs and other similarly situated individuals.

92.     Plaintiffs have forever lost and been deprived of the services, companionship, comfort, instruction, guidance, counsel, training, and support of the decedent; and Plaintiffs have further suffered other pecuniary losses by reason of decedent's wrongful death, including funeral expenses, and Plaintiffs seek all such recovery for all such injuries and damages under 42 U.S.C. Sec. 1983, including reasonable attorney's fees and expert witness fees pursuant to §1988, as well as damages under the Missouri Wrongful Death Statute.

       WHEREFORE, Plaintiffs pray for judgment against defendant City of Overland for actual and compensatory damages in an amount to be determined by a jury as fair and reasonable; enter its order awarding reasonable attorney's fees pursuant to 42 U.S.C.§1988 as well as costs and such other relief as deemed just and proper.

### COUNT VIII- Negligent Hiring- City of Overland

93.     Plaintiffs incorporate by reference paragraphs 1-92, as if fully setforth herein.

94.     The City of Overland is and at all times relevant times herein, was responsible for the hiring, firing, duty assignments, and supervision of Overland Police Department officers and employees in charge with enforcing the law, making arrests, investigating potential crimes, and taking suspects into custody, and other tasks determined by the City of Overland.

95.     The City of Overland, at all pertinent times herein, knew that individuals hired as Overland Police Department employees would be placed in a position of power in relation to individuals they took into custody, and that the Overland Police Department employees who abused that power would cause deprivation of rights, injuries, and damages to those individuals in their custody.

96.     The City of Overland owed Plaintiffs' decedent and other similarly situated individuals in the City of Overland, a duty to investigate applicants for positions as police department employees to insure that no personnel hired would threaten the rights, safety, or well being of residents and citizens.

97.     It was the policy and/or custom of the City of Overland to inadequately and improperly investigate applicants for positions as police department employees and disregard information and evidence that individual police department applicants threatened the rights, safety, or well being of residence and citizens, and as a result of such policies and/or customs, police officers of the City of Overland, including the defendant officers, believe that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

98.     The City of Overland failed to properly investigate defendant Ringeisen prior to his hiring as an Overland Police Department employee.

99.     The City of Overland disregarded information and evidence that defendant Ringeisen was inadequate to serve as a police officer but posed a threat to the rights, safety, or well being of residence and citizens of the City of Overland.

100.     Due to his proclivity for unnecessary violence, cruel and unusual punishment, and denial of the protection of the rights, safety and well being of citizens within the City of Overland, defendant Ringeisen was not qualified to work as a law enforcement officer.

101.     The City of Overland knew, or by reasonable investigation should have known, that defendant Ringeisen had such proclivity, and thus if hired would pose a threat to the rights, safety and well being of those whom defendant Ringeisen came in contact with, interrogated, investigated, and/or took into custody.

102.     The City of Overland was responsible for the hiring and placement of defendant Ringeisen.

103.     The abuse, neglect, and mistreatment, and conduct committed by defendant Ringeisen, as set forth herein, was consistent with the proclivity for unnecessary violence, cruel and unusual punishment, and denial of medical and mental healthcare and other dangerous proclivities of defendant Ringeisen.

104.     As a proximate result of the City of Overland's customs and policies, and negligence in the hiring of defendant Ringeisen, Plaintiffs' decedents and Plaintiffs suffered injuries and damages as set forth herein.

105.     The actions and omissions of the City of Overland were taken with reckless disregard for the rights of Plaintiffs' decedent and Plaintiffs justifying the imposition of punitive damages to punish defendant City of Overland and deter defendant and others from engaging in similar conduct in the future.

        WHEREFORE, Plaintiffs pray for judgment against defendant City of Overland for actual and compensatory damages in an amount to be determined by a jury as fair and

reasonable; enter its order awarding reasonable attorney's fees pursuant to 42 U.S.C.§1988 as well as costs and such other relief as deemed just and proper.

## COUNT VII- 42 USC 1983 By Plaintiffs

106.    Plaintiffs incorporate by reference, all preceding allegations and averments as fully setforth herein.

107.    As a direct and proximate result of defendants Ringeisen, Oakes, and Stevens conduct, Kenneth Hamilton died.

108.    By causing his death, Defendants deprived Plaintiffs of their familial relationship with their brother, Kenneth Hamilton.

109.    Under color of state law, defendants intentionally and directly violated Plaintiffs right to their familial relationship with Kenneth Hamilton, which was secured to them by the United States Constitution.

110.    Plaintiffs' right to their familial relationship with Kenneth Hamilton was clearly established.

111.    Plaintiffs' rights that defendant Ringeisen violated were those of which a reasonable person would have known.

112.    Defendants Ringeisen, Oakes, and Stevens were deliberately indifferent to Plaintiffs' rights.

113.    Plaintiffs have suffered damages.

114.    Plaintiffs are therefore entitled to damages and the recovery of litigation costs, including reasonable attorney fees pursuant to 42 U.S.C.§ 1988.

WHEREFORE, Plaintiffs pray for judgment against defendants Ringeisen, Oakes, and Stevens for actual and compensatory damages in an amount to be determined by a

jury as fair and reasonable; enter its order awarding reasonable attorney's fees pursuant to

42 U.S.C.§1988 as well as costs and such other relief as deemed just and proper.

                                   Respectfully submitted,

                                   KOLKER & GERMEROTH, LLC

                                 _____/S/ Thomas P. Germeroth_____
                                     Thomas P. Germeroth, #69096
                                 7730 Carondelet Avenue, Suite 310
                                    Clayton, Missouri  63105
                                 314-727-4529 (telephone)
                                 314-727-8529 (facsimile)
                                 Attorneys for Plaintiff

                                 JEROME L. LEFTON LAW OFFICE

                                 _____/S/ Daniel L. Lefton_____
                                 DANIEL L. LEFTON
                                 1015 Locust Street, #808
                                 St. Louis, MO 63101
                                 (314)231-1166 (telephone)
                                 (314)231-5852
                                 Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

       The undersigned certifies that the foregoing was served by electronic service and by mailing a copy by US Mail postage prepaid this 25th day of October , 2010 to:

Robert J. Krehbiel
KING, KREHBIEL, HELLMCIH, HACKING
& BORBONUS, LLC
2000 S. Hanley Rd
St. Louis, MO 63144-1524
*Attorney for Defendant City of Overland*

Rick Barry, III
LAW OFFICES OF RICK BARRY, P.C.
2726 S. Brentwood Blvd.
St. Louis, MO 63144
*Attorney for Defendant Andrew Ringeisen*

                                     _____/S/ Thomas P. Germeroth_____