IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL DEAN HAMILTON, et al. | ) | |
| | ) | |
| Plaintiff, | ) | Case No.:  4:10-CV-00712 |
| | ) | |
| v. | ) | Jury Trial Demanded |
| | ) | |
| CITY OF OVERLAND, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT CITY OF OVERLAND'S ANSWER
TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

Defendant City of Overland states the following for its answer to plaintiffs' complaint.

GENERAL ALLEGATIONS

1. Defendant admits that this Court has personal jurisdiction over defendant City of Overland.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 1.

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2.

3. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3.

4. Defendant admits the allegations contained in paragraph 4 (errantly numbered as paragraph 5), except that defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation that plaintiffs bring this action on behalf of all persons entitled to recover under the wrongful death statute.

5. Defendant admits that plaintiffs bring this action for damages under 42 USC §1983, that plaintiffs seek attorney fees and costs pursuant to 42 USC §1988, and that plaintiffs invoke the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution. Defendant denies the remaining allegations contained in paragraph 6.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6.

7. Defendant admits the allegations contained in paragraph 7.

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10.

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11.

12. Defendant admits that it operates and maintains a police force known as the Overland Police Department. Defendant denies the remaining allegations contained in paragraph 12.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15.

16. Defendant admits the allegations contained in paragraph 16.

17. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17.

18. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19.

20. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20.

21. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21.

22. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22.

23. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23.

24. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24.

25. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25.

26. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26.

27. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27.

28. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28.

29. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29.

30. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30.

31. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31.

32. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32.

33. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33.

34. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34.

35. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35.

36. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36.

37. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37.

38. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38.

39. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39.

40. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40.

41. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41.

42. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42.

43. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43.

44. Defendant denies the allegations contained in paragraph 44 and all sub-paragraphs thereof.

45. Defendant denies the allegations contained in paragraph 45 and all sub-paragraphs thereof.

## COUNT I

46-53. The allegations and the claim for relief contained in Count I, paragraphs 46-53, pertain to co-defendant Ringeisen and not to defendant City of Overland and therefore defendant City of Overland makes no response to the allegations contained in Count I except that to the extent the allegations in paragraphs 46-53 may be incorporated by plaintiffs in any claim against defendant City of Overland, defendant denies those allegations.

## COUNT II

54-59. The allegations and the claim for relief contained in Count II, paragraphs 54-59, pertain to co-defendant Ringeisen and not to defendant City of Overland and therefore defendant City of Overland makes no response to the allegations contained in Count II except that to the extent the allegations in paragraphs 54-59 may be incorporated by plaintiffs in any claim against defendant City of Overland, defendant denies those allegations.

## COUNT III

60-66. The allegations and the claim for relief contained in Count III, paragraphs 60-66, pertain to co-defendant Oakes and not to defendant City of Overland and therefore defendant City of Overland makes no response to the allegations in paragraphs 60-66 except that to the extent those allegations may be incorporated by plaintiffs in any claim against defendant City of Overland, defendant denies those allegations.

## COUNT IV

67-72. The allegations and the claim for relief contained in Count IV, paragraphs 67-72, pertain to co-defendant Oakes and not to defendant City of Overland and therefore defendant City of Overland makes no response to the allegations in paragraphs 67-72 except that to the extent those allegations may be incorporated by plaintiffs in any claim against defendant City of Overland, defendant denies those allegations.

## COUNT V

73-79. The allegations and the claim for relief contained in Count V, paragraphs 73-79, pertain to co-defendant Stevens and not to defendant City of Overland and therefore defendant City of Overland makes no response to the allegations in paragraphs 73-79 except that to the

extent those allegations may be incorporated by plaintiffs in any claim against defendant City of Overland, defendant denies those allegations.

## COUNT VI

80-85.   The allegations and the claim for relief contained in Count VI, paragraphs 80-85, pertain to co-defendant Stevens and not to defendant City of Overland and therefore defendant City of Overland makes no response to the allegations in paragraphs 80-85 except that to the extent those allegations may be incorporated by plaintiffs in any claim against defendant City of Overland, defendant denies those allegations.

## COUNT VII

86.   In paragraph 86, plaintiffs incorporate by reference the allegations of Count I-VI. Defendant City of Overland realleges and incorporates by reference its answers to paragraphs 1 – 85.

87.   Defendant admits that police officers employed by defendant City of Overland received training regarding law enforcement.  Defendant denies the remaining allegations contained in paragraph 87.

88.   Defendant denies the allegations contained in paragraph 88.

89.   Defendant denies the allegations contained in paragraph 89.

90.   Defendant denies the allegations contained in paragraph 90.

91.   Defendant denies the allegations contained in paragraph 91.

92.   Defendant denies the allegations contained in paragraph 92.

## DEFENSES

1.   Plaintiffs fail to state a claim upon which relief can be granted against defendant City of Overland.

2. The operation and maintenance of a police force is a governmental function of defendant City of Overland and therefore plaintiffs' claim under Missouri law is barred by the doctrine of sovereign immunity.

3. Plaintiffs' claim under Missouri law is barred by the public duty doctrine.

4. Whatever injuries or damages plaintiffs may have sustained by reason of the matters alleged in plaintiffs' complaint were a direct and proximate result of decedent Kenneth Hamilton's own carelessness, negligence, and/or comparative fault directly contributing thereto and therefore a percentage of fault must be assessed to each plaintiff by reason of decedent Kenneth Hamilton's own carelessness, negligence, and/or comparative fault.

5. Pleading hypothetically, defendant City of Overland states that whatever injuries or damages plaintiffs may have sustained by reason of the matters alleged in their complaint were a direct and proximate result of each plaintiff's own carelessness, negligence, and/or comparative fault directly contributing thereto, and therefore a percentage of fault must be assessed to each plaintiff.

6. If plaintiffs sustained damages as alleged in plaintiffs' complaint, then each plaintiff through his own acts and/or omissions has failed to mitigate any such damages and a percentage of fault must be assessed to each plaintiff.

7. Defendant City of Overland is a municipality, and as such, defendant is immune from a claim for punitive damages in an action brought under Missouri law because such a claim is barred by the common law of the State of Missouri and by reason of Mo.Rev.Stat. §537.610.3 and in an action brought pursuant to 42 USC §1983.

WHEREFORE, having fully answered Count VII of plaintiffs' complaint, defendant City of Overland prays this Court enter its order dismissing Count VII as to this defendant with prejudice, award defendant its costs and reasonable attorney fees, and grant defendant such further relief as this Court deems proper.

## COUNT VIII

93. In paragraph 93, plaintiffs incorporate by reference the allegations of its paragraphs 1-92. Defendant City of Overland realleges and incorporates by reference its answers to paragraphs 1 – 92.

94. Defendant admits that it maintains and operates a police force known as the Overland Police Department and that defendant is responsible for personnel decisions such as hiring and firing defendant's employees. Defendant denies all other allegations contained in paragraph 94.

95. Defendant denies the allegations contained in paragraph 95.

96. Defendant denies the allegations contained in paragraph 96.

97. Defendant denies the allegations contained in paragraph 97.

98. Defendant denies the allegations contained in paragraph 98.

99. Defendant denies the allegations contained in paragraph 99.

100. Defendant denies the allegations contained in paragraph 100.

101. Defendant denies the allegations contained in paragraph 101.

102. Defendant denies the allegations contained in paragraph 102.

103. Defendant denies the allegations contained in paragraph 103.

104. Defendant denies the allegations contained in paragraph 104.

105. Defendant denies the allegations contained in paragraph 105.

## DEFENSES

1. Defendant realleges and incorporates by reference paragraphs 1 – 7 of the defenses set forth in response to Count VII.

2. Personnel decisions in internal administration of operating municipal departments involve defendant City of Overland's governmental function for which defendant has sovereign immunity from plaintiffs' claim under Missouri law.

WHEREFORE, having fully answered Count VIII of plaintiffs' complaint, defendant City of Overland prays this Court enter its order dismissing Count VIII as to this defendant with prejudice, award defendant its costs and reasonable attorneys fees and grant defendants such further relief as this Court deems proper.

## COUNT VII [sic]

106. In paragraph 106, plaintiffs incorporate by reference all preceding allegations and averments. Defendant City of Overland realleges and incorporates by reference its answers to paragraphs 1 – 105.

107. Defendant denies the allegations contained in paragraph 107.

108. Defendant denies the allegations contained in paragraph 108.

109. Defendant denies the allegations contained in paragraph 109.

110. Defendant denies the allegations contained in paragraph 110.

111. Defendant denies the allegations contained in paragraph 111.

112. Defendant denies the allegations contained in paragraph 112.

113. Defendant denies the allegations contained in paragraph 113.

114. Defendant denies the allegations contained in paragraph 114.

DEFENSES

1. Defendant realleges and incorporates by reference paragraphs 1 and 2 of the defenses set forth in response to Count VII.

WHEREFORE, having fully answered Count VII [sic] of plaintiffs' complaint, defendant City of Overland prays this Court enter its order dismissing Count VII [sic] as to this defendant with prejudice, award defendant its costs and reasonable attorneys fees and grant defendants such further relief as this Court deems proper.

Respectfully submitted,

KING, KREHBIEL, HELLMICH, HACKING & BORBONUS, LLC

By: ___/s/ Blake D. Hill___
ROBERT J. KREHBIEL #3614
BLAKE D. HILL  #555634
2000 S. Hanley Road
St. Louis, MO  63144-1524
Phone: (314) 646-1110
Fax: (314) 646-1122
E-mail: rkrehbiel@kkhhb.com
*Attorneys for Defendant City of Overland*

**CERTIFICATE OF SERVICE**

The undersigned does hereby state that the foregoing was served via the Court's ECF electronic case filing system or First Class U.S. Mail, postage prepaid, on this 8th day of November, 2010 upon:

Scott L. Kolker
Thomas P. Germeroth
Kolker & Germeroth, LLC
7730 Carondelet, Suite 310
Clayton, MO  63105
*Attorneys for Plaintiffs*

Robert L. DeVoto
9322 Manchester Road
Manchester Professional Building
St. Louis, MO 63119
*Attorneys for Plaintiff Weaver*

Jerome L. Lefton Law Office
Daniel L. Lefton
1015 Locust Street, #808
St. Louis, MO  63101
*Attorneys for Plaintiffs*

Richard Andrew Barry, III
LAW OFFICES OF RICK BARRY, P.C.
2726 S. Brentwood Boulevard
St. Louis, MO 63144
*Attorneys for Defendant Ringeisen*

_____/s/ Blake D. Hill_____