IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MICHAEL DEAN HAMILTON, et al.    )
    )
    Plaintiff,    )    Case No.: 4:10cv-00712DJS
    )
v.    )    Jury Trial Demanded
    )
CITY OF OVERLAND, et al.    )
    )
    Defendant.    )

**DEFENDANT ANDREW RINGEISEN'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

COMES NOW Defendant Andrew Ringeisen, by and through counsel, and for his Answer to Plaintiffs' First Amended Complaint states as follows.

GENERAL ALLEGATIONS

1.    Defendant admits to the extent this Court has personal jurisdiction over Defendant Ringeisen. Defendant is without sufficient information or knowledge sufficient to form a belief as to the remaining allegations contained in Paragraph 1, and therefore denies the same.

2.    Defendant is without sufficient information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 2, and therefore denies the same.

3.    Defendant is without sufficient information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 3, and therefore denies the same.

5.    Defendant is without sufficient information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 5 [sic], and therefore denies the same.

5.    Defendant admits to the extent that Paragraph 5 lists the causes of action brought by Plaintiffs in this case. Defendant denies each and every remaining allegation contained in

1

Paragraph 5.

6.     Defendant is without sufficient information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 6, and therefore denies the same.

7.     Defendant admits the allegations contained in Paragraph 7.

8.     Defendant admits that at all times pertinent to Plaintiffs' allegations, he was acting as a duly appointed and acting police officer of the City of Overland Police Department. Defendant is without sufficient information or knowledge sufficient to form a belief as to the remaining allegations contained in Paragraph 8, and therefore denies the same.

9.     Defendant is without sufficient information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 9, and therefore denies the same.

10.     Defendant is without sufficient information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 10, and therefore denies the same.

11.     Defendant is without sufficient information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 11, and therefore denies the same.

12.     Defendant admits the City of Overland operates and maintains a police force known as the Overland Police Department.  Defendant denies each and every remaining allegation contained in Paragraph 12.

13.     Defendant is without sufficient information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 13, and therefore denies the same.

14.     Defendant is without sufficient information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 14, and therefore denies the same.

15.     Defendant is without sufficient information or knowledge sufficient to form a

2

belief as to the allegations contained in Paragraph 15, and therefore denies the same.

16.     Defendant admits the event Plaintiffs allege gave rise to this cause of action occurred in St. Louis County.  Defendant denies each and every remaining allegation contained in Paragraph 16.

17.     Defendant is without sufficient information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 17, and therefore denies the same.

18.     Defendant denies the allegations contained in Paragraph 18.

19.     Defendant denies the allegations contained in Paragraph 19.

20.     Defendant denies the allegations contained in Paragraph 20.

21.     Defendant denies the allegations contained in Paragraph 21.

22.     Defendant denies the allegations contained in Paragraph 22.

23.     Defendant denies the allegations contained in Paragraph 23.

24.     Defendant denies the allegations contained in Paragraph 24.

25.     Defendant denies the allegations contained in Paragraph 25.

26.     Defendant denies the allegations contained in Paragraph 26.

27.     Defendant denies the allegations contained in Paragraph 27.

28.     Defendant denies the allegations contained in Paragraph 28.

29.     Defendant denies the allegations contained in Paragraph 29.

30.     Defendant denies the allegations contained in Paragraph 30.

31.     Defendant denies the allegations contained in Paragraph 31.

32.     Defendant denies the allegations contained in Paragraph 32.

33.     Defendant denies the allegations contained in Paragraph 33.

34.     Defendant denies the allegations contained in Paragraph 34.

35.     Defendant denies the allegations contained in Paragraph 35.

36.     Defendant denies the allegations contained in Paragraph 36.

37.     Defendant denies the allegations contained in Paragraph 37.

38.     Defendant denies the allegations contained in Paragraph 38.

39.     Defendant denies the allegations contained in Paragraph 39.

40.     Defendant denies the allegations contained in Paragraph 40.

41.     Defendant denies the allegations contained in Paragraph 41.

42.     Defendant denies the allegations contained in Paragraph 42.

43.     Defendant denies the allegations contained in Paragraph 43.

44.     Defendant denies the allegations contained in Paragraph 44, and all sub-paragraphs contained therein.

45.     Defendant denies the allegations contained in Paragraph 45, and all sub-paragraphs contained therein.

<u>COUNT I</u>

46.     Defendant does hereby incorporate his responses to Paragraphs 1-45, as if fully set forth herein.

47.     Defendant is without sufficient information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 47, and therefore denies the same.

48.     Defendant denies the allegations contained in Paragraph 48, and all sub-paragraphs contained therein.

49.     Defendant denies the allegations contained in Paragraph 49, and all sub-

4

paragraphs contained therein.

50. Defendant denies the allegations contained in Paragraph 50, and all sub-paragraphs contained therein.

51. Defendant denies the allegations contained in Paragraph 51.

52. Defendant denies the allegations contained in Paragraph 52.

53. Defendant denies the allegations contained in Paragraph 53.

DEFENSES

1. Without waiving the general denial herein, Plaintiffs fail to state a claim upon which relief can be granted against Defendant Ringeisen.

2. Without waiving the general denial herein, Plaintiffs' claims are barred because and any and all actions of Defendant were of a discretionary nature and thus Defendant is protected from liability by the doctrine of official immunity.

3. Plaintiffs' claim under Missouri law is barred by the public duty doctrine.

4. Whatever injuries and/or damages Plaintiffs allege they have sustained by reason of the matters alleged in Plaintiffs' complaint, were a direct and proximate result of decedent Kenneth Hamilton's own carelessness, negligence, and/or comparative fault directly contributing thereto and therefore a percentage of fault must be assessed to each Plaintiff by reason of decedent Hamilton's own carelessness, negligence, and/or comparative fault.

5. If Plaintiffs sustained damages as alleged in Plaintiffs' complaint, then each Plaintiff through his own acts and/or omissions has failed to mitigate any such damages and a percentage of fault must be assessed to each Plaintiff.

6. Without waiving the general denial herein, and in no way limiting the general

5

denial or any other defense herein, Defendant Ringeisen states that any claim for punitive damages in this cause is in violation of Defendant's rights to due process and equal protection under the Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States and the same or similar guarantees in the Constitution of the State of Missouri, and amount to a fine or penalty under these provisions and therefore should be dismissed.

7.      To the extent Defendant Ringeisen is sued in his official capacity as an employee of the City of Overland, Plaintiffs' claims under Missouri law are barred by the doctrine of sovereign immunity.

8.      To the extent Defendant Ringeisen is sued in his official capacity as an employee of the City of Overland, Plaintiffs' claim of punitive damages in an action brought under Missouri law are barred by the common law of the State of Missouri and by RSMo §537.610.3 and are similarly barred in Plaintiffs' claims brought under 42 U.S.C. §1983.

9.      Plaintiffs' claims are barred because at all times relevant to Plaintiffs' allegations, which have been generally or specifically denied, Defendant was acting in self-defense, as he believed himself to be in imminent danger from Plaintiffs' decedent, and his use of force, if any, was justifiable in light of the circumstances.

10.     Defendant reserves the right to raise additional affirmative defenses if facts are learned in discovery to support additional defenses.

WHEREFORE, having fully answered Count I of Plaintiffs' complaint, Defendant Ringeisen prays this Court enter its Order dismissing Count I as to this Defendant with prejudice, with an award of Defendant's costs and attorneys' fees, and grant Defendant such further relief as this Court deems just and proper under the facts and circumstances of this case.

6

<u>COUNT II</u>

54.    Defendant does hereby incorporate his responses to Paragraphs 1-53, as if fully set forth herein.

55.    Defendant denies the allegations contained in Paragraph 55.

56.    Defendant denies the allegations contained in Paragraph 56.

57.    Defendant denies the allegations contained in Paragraph 57.

58.    Defendant denies the allegations contained in Paragraph 58.

59.    Defendant denies the allegations contained in Paragraph 59.

<u>DEFENSES</u>

1.    Defendant re-alleges and incorporates by reference Paragraphs 1-10 of the defenses set forth in Count I.

WHEREFORE, having fully answered Count II of Plaintiffs' complaint, Defendant Ringeisen prays this Court enter its Order dismissing Count II as to this Defendant with prejudice, with an award of Defendant's costs and attorneys' fees, and grant Defendant such further relief as this Court deems just and proper under the facts and circumstances of this case.

<u>COUNT III</u>

60-66.  The allegations and the claim for relief contained in Count III, Paragraphs 60-66 pertain to Co-Defendant Oakes, and not Defendant Ringeisen.  Therefore, Defendant makes no response to the allegations contained in these Paragraphs, except to the extent Plaintiffs' allegations may be incorporated by Plaintiffs in any claim against Defendant Ringeisen, and if so, Defendant denies those allegations.

## COUNT IV

67-72. The allegations and the claim for relief contained in Count IV, Paragraphs 67-72 pertain to Co-Defendant Oakes, and not Defendant Ringeisen. Therefore, Defendant makes no response to the allegations contained in these Paragraphs, except to the extent Plaintiffs' allegations may be incorporated by Plaintiffs in any claim against Defendant Ringeisen, and if so, Defendant denies those allegations.

## COUNT V

73-79. The allegations and the claim for relief contained in Count V, Paragraphs 73-79 pertain to Co-Defendant Stevens, and not Defendant Ringeisen. Therefore, Defendant makes no response to the allegations contained in these Paragraphs, except to the extent Plaintiffs' allegations may be incorporated by Plaintiffs in any claim against Defendant Ringeisen, and if so, Defendant denies those allegations.

## COUNT VI

80-85. The allegations and the claim for relief contained in Count VI, Paragraphs 80-85 pertain to Co-Defendant Stevens, and not Defendant Ringeisen. Therefore, Defendant makes no response to the allegations contained in these Paragraphs, except to the extent Plaintiffs' allegations may be incorporated by Plaintiffs in any claim against Defendant Ringeisen, and if so, Defendant denies those allegations.

## COUNT VII

86-92. The allegations and the claim for relief contained in Count VII, Paragraphs 86-92 pertain to Co-Defendant City of Overland, and not Defendant Ringeisen. Therefore, Defendant makes no response to the allegations contained in these Paragraphs, except to the

extent Plaintiffs' allegations may be incorporated by Plaintiffs in any claim against Defendant Ringeisen, and if so, Defendant denies those allegations.

## COUNT VIII

93-105.        The allegations and the claim for relief contained in Count V, Paragraphs 93-105 pertain to Co-Defendant City of Overland, and not Defendant Ringeisen. Therefore, Defendant makes no response to the allegations contained in these Paragraphs, except to the extent Plaintiffs' allegations may be incorporated by Plaintiffs in any claim against Defendant Ringeisen, and if so, Defendant denies those allegations.

## COUNT VII [sic]

106.    Defendant does hereby incorporate his responses to Paragraphs 1-105, as if fully set forth herein.

107.    Defendant denies the allegations contained in Paragraph 107.

108.    Defendant denies the allegations contained in Paragraph 108.

109.    Defendant denies the allegations contained in Paragraph 109.

110.    Defendant denies the allegations contained in Paragraph 110.

111.    Defendant denies the allegations contained in Paragraph 111.

112.    Defendant denies the allegations contained in Paragraph 112.

113.    Defendant denies the allegations contained in Paragraph 113.

114.    Defendant denies the allegations contained in Paragraph 114.

## DEFENSES

1.    Defendant re-alleges and incorporates by reference Paragraphs 1-10 of the

9

defenses set forth in Count I.

WHEREFORE, having fully answered Count VII [sic] of Plaintiffs' complaint, Defendant

Ringeisen prays this Court enter its Order dismissing Count VII [sic] as to this Defendant with

prejudice, with an award of Defendant's costs and attorneys' fees, and grant Defendant such

further relief as this Court deems just and proper under the facts and circumstances of this case.

Respectfully submitted,

LAW OFFICES OF RICK BARRY, P.C.

By:      /s/ Rick Barry
RICK BARRY, USDC# 2572, MBE#25592,
Attorney for Defendant Andrew Thomas Ringeisen
2726 S. Brentwood Blvd.
St. Louis, Missouri 63144
(314) 918-8900
Fax: (314) 918-8901
rickbarry@rickbarrypc.com

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was filed November 8, 2010 electronically
with the Clerk of the Court to be served by operation of the court's electronic filing system and
US Mail to the following:

Scott L. Kolker
Thomas Germeroth
Kolker & Germeroth, LLC
7730 Carondelet, Suite 310
Clayton, MO 63105
Attorneys for Plaintiffs

Jerome L. Lefton Law Office
Daniel L. Lefton
1015 Locust Street, #808

St. Louis, MO 63101
Attorney for Plaintiffs

Bob Krehbiel
KING, KREHBIEL, HELLMICH,
HACKING & BORBONUS, LLC
2000 South Hanley Road
St. Louis, MO 63144

/s/ Rick Barry

11